UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

EVELYN CORTEZ,           )
                         )
    Plaintiff            )
                         )
v.                       )   Case No.:
                         )
ROSENTHAL, MORGAN, AND THOMAS )   **COMPLAINT AND DEMAND FOR**
INC.,                    )   **JURY TRIAL**
    Defendant            )
                         )   **(Unlawful Debt Collection Practices)**

## COMPLAINT

EVELYN CORTEZ ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ROSENTHAL, MORGAN, AND THOMAS INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Dresher, Pennsylvania, 19025.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 12747 Olive Boulevard, Suite 250, St. Louis, Missouri, 63141.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. On or about July 15, 2010, Defendant sent Plaintiff a letter seeking and demanding payment in the amount of $422.53 for an alleged debt owed to Vector Security - Plymouth. A true and correct copy of the July 15, 2010 letter is attached hereto as Exhibit "A".

18. Defendant's July 15, 2010, letter contains a notification at the bottom that in part states:

> Unless you notify this office within thirty days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If notice is sent to this office in writing within thirty days from receipt of this notice, this office will obtain verification of this debt or obtain a copy of the judgment and mail you a copy of the verification or judgment as well as the name and address of the original creditor if different from the current creditor.

See Exhibit A.

19. Defendant's July 15, 2010, letter notification is inconsistent with the way 15 U.S.C. §1692g is written and confuses the consumer as to what her rights are, specifically the right to dispute the debt and/or request verification of the alleged debt as well as obtaining information about the creditor, as it is stated in the statute.

20. On or about August 10, 2010, Plaintiff contacted Defendant via telephone and inquired as to the reason the alleged debt was so high.

21. Plaintiff was told that her alleged debt included additional legal fees associated

with the collection of the alleged debt, which was confusing to Plaintiff as to her knowledge this matter had neither been referred to an attorney nor legal action commenced.

22. Then, on August 16, 2010, Defendant sent Plaintiff a second collection letter indicating that "no arrangements" had been made by Plaintiff to pay the alleged debt, and therefore Defendant was concluding that Plaintiff was refusing to honor her contractual obligations. A true and correct copy of the August 16, 2010 letter is attached hereto as Exhibit "B".

23. Defendant's August 16, 2010, threatened Plaintiff that it would: 1) "gather credit information" disclosing Plaintiff's available assets; 2) "recommend that the collection item be reported to the credit bureaus"; and 3) "recommend further action be taken against [her]" if payment was not received. See Exhibit B.

24. Defendant did not explain what it meant by "recommend that further action be taken," leading Plaintiff to conclude that Defendant was threatening that some type of legal action would be commenced if she did not make payment.

25. Further, Defendant threatened to obtain Plaintiff's bank information, again to scare Plaintiff into making a payment, despite the fact that Defendant had no lawful purpose for obtaining that information, as a judgment had not been entered against Plaintiff. See Exhibit B.

26. To date, despite threats to the contrary, Defendant has not filed a lawsuit or taken other legal action against Plaintiff, thereby indicating it did not intend to take the action previously threatened.

27. Upon information and belief, Defendant sent the above letters in a rushed if not hurried fashion to give the false impression that Plaintiff was under some type of non-existent deadline to pay or have her legal exposure altered in a tangible manner.

28. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

29. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

30. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

31. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and

experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated the FDCPA generally;

    b. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

    e. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

    f. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

    g. Defendant violated §1692f(1) of the FDCPA by collecting any amount

including any interest, fee, charge, or expense incidental to the principle obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and

h. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, EVELYN CORTEZ, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EVELYN CORTEZ, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

DATED: 6-21-11

KIMMEL & SILVERMAN, P.C.

By: CTK 3654
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT

## ROSENTHAL, MORGAN, AND THOMAS INC.
A PROFESSIONAL RECOVERY CORPORATION
12747 OLIVE BLVD, SUITE 250
SAINT LOUIS, MISSOURI 63141
(800) 361-0363

7/15/2010

Evelyn Cortez
3207 LENAPE DRIVE
DRESHER, PA 19025

Creditor: VECTOR SECURITY- PLYMOUTH
Account: 841190
Amount Due: $422.53
File Number: 164270

Dear Sir or Madam,

**The above referenced account has been placed in our office for collection.**

Please contact our office upon receipt of this letter to discuss this matter further. Our toll free number is 1-800-361-0363.

Our office hours are 9:00 a.m. to 8:00 p.m. Monday through Thursday, 8:00 to 4:30 p.m. Friday and 8:00 a.m. to 12:00 p.m. on Saturday central standard time.

Sincerely,

Rosenthal, Morgan and Thomas, Inc.

Unless you notify this office within thirty days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If notice is sent to this office in writing within thirty days from receipt of this notice, this office will obtain verification of this debt or obtain a copy of the judgment and mail you a copy of the verification or judgment as well as the name and address of the original creditor if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.
100


PLAINTIFF'S EXHIBIT A

*Rosenthal, Morgan, and Thomas, Inc.*
A Professional Recovery Corporation
12747 Olive Boulevard Ste. 250
St. Louis, MO 63141
1-800-361-0363

8/16/2010

Evelyn Cortez
3207 LENAPE DRIVE
DRESHER, PA 19025

Creditor: 0610825 - VECTOR SECURITY- PLYMOUTH
Account Number: 841190
Amount Due: $422.53
File: 164270

Dear Sir or Madam,

Since no arrangements have been made with our office, nor have we received a valid written dispute. At this point, we must conclude that you refuse to honor your contractual obligations.

**Our intentions are as follows:**

1) Gather credit information that may contain the following:
   a. Confirmation of property ownership
   b. Employment/income verification
   c. Bank information

2) Recommend that the collection item be reported to the credit bureaus.

3) Recommend to our client that further action be taken to protect their interest.

Either remit the balance due to our office or phone us to make suitable arrangements. **We are willing to work with you, so call 1-800-361-0363 and let us help you resolve this matter.** Our office hours are 9:00 a.m. to 8:00 p.m. Monday through Thursday, 8:00 a.m. to 4:30 p.m. Friday and 8:00 a.m. to 12:00 p.m. on Saturday central standard time.

Sincerely,

*Rosenthal, Morgan, and Thomas, Inc.*

This is an attempt to collect a debt; any information obtained will be used for that purpose. This letter is from a professional debt collector.



PLAINTIFF'S EXHIBIT 6